Filed 4/1/15  P. v. Cook CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE, | C073548 |
| Plaintiff and Respondent, | (Super. Ct. No. 03F02471) |
| v. | |
| DONALD KENDRICKS COOK, | |
| Defendant and Appellant. | |

In 2012 voters approved Proposition 36, the Three Strikes Reform Act of 2012 (Reform Act).  Prior to the Reform Act, a defendant convicted of two prior serious or violent felonies would be subject to a sentence of 25 years to life upon conviction of a third felony.  (Pen. Code, §§ 667, subds.(b)-(i), 1170.12)[1]  Under the Reform Act, a defendant convicted of two prior serious or violent felonies is now subject to the 25-year-to-life sentence only if, with some exceptions, the third felony is itself a serious or violent felony.  Prisoners who are currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may petition the court for resentencing.  (§1170.126.)  As is relevant here, a prisoner is not eligible for

---

[1] Further statutory references to sections of an undesignated code are to the Penal Code.

resentencing if he or she was armed with a firearm during the commission of the third felony. (§§ 667, subd. (e)(2)(C)(iii), 1170.126, subd. (e)(2).)

In 2004, a jury convicted defendant Donald Kendricks Cook of being a felon in possession of a firearm in violation of former section 12021, subdivision (a)(1) (now § 29800) and sentenced him to state prison for a term of 25 years to life under the "Three Strikes" law. Following passage of the Reform Act defendant filed a petition to recall his sentence. The trial court ruled him ineligible for recall of sentence on the ground he had been armed with a firearm during the commission of his violation of former section 12021, subdivision (a)(1).

On appeal from the denial of his petition, defendant argues that the recall of his sentence was not disqualified under the Reform Act unless the prosecution pleaded and proved at trial that he was armed during the commission of the offense, and that being a felon in possession of a firearm is not the equivalent of being armed with a firearm because there is no underlying criminal act to which the arming attaches.

We find no merit to defendant's arguments.

FACTUAL AND PROCEDURAL BACKGROUND

The pertinent facts underlying defendant's most recent conviction were summarized by this court in defendant's appeal from his conviction. As stated in this court's written opinion: "Police went to defendant's girlfriend's home on the afternoon of March 19, 2003, in response to a call of domestic violence involving a possibly armed suspect. Defendant's girlfriend answered the door and appeared to be upset. She asked the officers to get defendant out of her house. Police found defendant lying face up with his eyes closed on a bed in his girlfriend's daughter's bedroom, apparently sleeping. A loaded .357 magnum was within his reach on top of a television tray." (*People v. Cook* (Apr. 4, 2005, C074705) [nonpub. opn.].)

Defendant received a 25-year-to-life sentence pursuant to the Three Strikes law (§ 667, subd. (e)(2)(A)(ii)). The Reform Act passed in 2012, which "amended the Three

2

Strikes law so that an indeterminate life sentence may only be imposed where the offender's third strike is a serious and/ or violent felony or where the offender is not eligible for a determinate sentence based on other disqualifying factors. (Pen. Code, §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).)" (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 596-597, fn. omitted (*Teal*).) Under the Reform Act, a person already serving an indeterminate term of life imprisonment may petition the trial court for a recall of sentence. (§ 1170.126, subd. (b).) The person is ineligible for resentencing if, inter alia, the current sentence was imposed for being armed with a firearm during the commission of the offense. (§§ 667 (e)(2)(C)(iii), 1170.126, subd. (e).)

Defendant filed a petition for recall of sentence, which the trial court denied. The trial court found defendant ineligible for resentencing because he was armed with a firearm when he possessed it in committing the section 12021, subdivision (a) offense. Defendant filed this appeal

## DISCUSSION

Preliminarily, we address the appealablity of the denial of defendant's petition. Defendant argues alternatively that the petition denying his recall of sentence is appealable, or that we should treat the appeal as a petition for writ of mandate. The Supreme Court recently resolved the issue in *Teal*, *supra*, 60 Cal.4th 595. The court held that the order denying recall of sentence is appealable pursuant to section 1237, subdivision (b), which provides that any order after judgment affecting the substantial rights of the party is appealable. (*Teal*, at p. 601.)

### A
### No Pleading and Proof Requirement

Defendant argues that the trial court could not find him ineligible for recall of sentence unless the prosecution pled and proved that he was armed during the commission of the offense. This court has explained why such an argument is incorrect.

3

*People v. Elder* (2014) 227 Cal.App.4th 1308, 1314, held that although *prospectively* a third qualifying felony conviction will be subject to a minimum indeterminate life sentence of 25 years only if the prosecutor pleads and proves the third felony is either a serious or violent felony or otherwise comes within a qualifying class of offenses, the same is not true of the relief accorded persons already serving an indeterminate term imposed under the prior version of the Three Strikes law.  Such retrospective relief "is conditioned upon an *eligible* commitment offense, which '*the [trial] court shall determine*' on 'receiving a petition for recall of sentence under this section.'  (§ 1170.126, subd. (f), italics added.)"  (*People v. Elder*, at p. 314.)  Other cases are in agreement with this conclusion.  (See *People v. Chubbuck* (2014) 231 Cal.App.4th 737, 745, & cases cited therein.)

B
No "Tethering" Offense is Required

Defendant argues the trial court could not find that he was armed during the commission of the offense of being a felon in possession of a firearm.  He claims that "[j]ust as enhancements cannot stand alone and must be tethered to a substantive crime, being armed in the context of determining eligibility under section 1170.126 requires the commission of a separate criminal act."  Defendant is incorrect.

This court rejected the identical argument in both *People v. Elder, supra*, 227 Cal.App.4th 1308 and *People v. Hicks* (2014) 231 Cal.App.4th 275.

The enhancement statute (§ 12022) provides in part that "a person who is armed with a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment . . . ."  (*Id*., subd. (a)(1).)  The Supreme Court has interpreted the words "in the commission of a felony" to require "that the 'arming' take place *during* the underlying crime and that it have some '*facilitative nexus*' to that offense."  (*People v. Bland* (1995) 10 Cal.4th 991, 1002.)  As we explained in *People v. Hicks*, being "armed" for purposes of the imposition of additional penalties

4

pursuant to the enhancement provisions in section 12022 requires the defendant have the firearm " 'available for use *to further the commission of the underlying felony*.' [Citation.]"  (*People v. Hicks, supra*, 231 Cal.App.4th at p. 283.)

However, *People v. Hicks* further explained that "unlike section 12022, which requires that a defendant be armed '*in* the commission of' a felony for additional punishment to be imposed (italics added), the [Reform] Act disqualifies an inmate from eligibility for lesser punishment if he or she was armed with a firearm '*during* the commission of' the current offense (italics added)."  (*People v. Hicks, supra*, 231 Cal.App.4th at p. 283-284.)  *People v. Hicks* concludes that such language means there must be a temporal nexus between the arming and the underlying felony, but there need not be a facilitative nexus.  (*Id*. at p. 284.)

Likewise in *People v. Elder* we stated that the illogic of defendant's reasoning "rests on . . . conflating the *criterial definition* of an ineligible *offense* (being armed during the commission of such offense) with the derivative nature of the armed *enhancement* (which requires being armed *in* the commission of an offense)."  (*People v. Elder, supra*, 227 Cal.App.4th at p. 1313, fn. omitted.)  Other cases have reached the same conclusion.  (See, *People v. Brimmer* (2014) 230 Cal.App.4th 782, 797, & cases cited therein.)

Defendant invokes the rule of lenity, arguing that "if there is any ambiguity in statutory language, the interpretation which is most favorable to the defendant must be adopted."  Since we find nothing ambiguous in the meaning of being armed "[d]uring the commission of the current offense," (§ 667, subd. (e)(2)(C)(iii)) or in the Reform Act's lack of a requirement for pleading and proof of ineligibility, the "rule of lenity" invoked by defendant has no relevance.  (*People v. Elder, supra*, 227 Cal.App.4th at p. 1315; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1035.)

C
Judgment is Consistent with Intent of Reform Act

Defendant argues that the trial court's interpretation is contrary to the Reform Act's intent and purpose, which was to save taxpayer dollars by imposing life sentences only on truly dangerous individuals. He claims it makes no sense to categorically include possession of a firearm by a felon as an offense rendering a person ineligible for recall of sentence when such felons are not as dangerous as rapists, murderers, and child molesters.

Defendant's ineligibility for resentencing relief is consistent with the purposes of the Reform Act. The Reform Act was "intended to provide resentencing relief to low-risk, nonviolent inmates serving life sentences for petty crimes, such as shoplifting and simple drug possession." (*People v. White* (2014) 223 Cal.App.4th 512, 526.) Being a felon in possession of a firearm is not the same as shoplifting or simple drug possession. The Reform Act was intended to disqualify from eligibility for resentencing those inmates who have committed gun-related felonies. (*People v. Brimmer, supra*, 230 Cal.App.4th 782, 799.) Defendant is disqualified from eligibility for resentencing.

DISPOSITION

The judgment (order) is affirmed.


    BLEASE          , Acting P. J.


We concur:


    HULL          , J.


    MAURO          , J.


6